IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALONZO DAVIS                                                                                                   PLAINTIFF

v.                              Civil No. 1:13-cv-01078

NATHAN GREELEY                                                                                           DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Alonzo Davis pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is currently incarcerated in the Arkansas Department of Correction Ouachita River Unit in Malvern, Arkansas ("ORU"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court order and failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

1.      **BACKGROUND**

Plaintiff originally filed this case *pro se* on July 2, 2013. ECF No. 1. In his Complaint, Plaintiff claims Defendant Greeley denied Plaintiff medical care. At the time he filed his Complaint, Plaintiff was incarcerated at the Ouachita County Detention Center ("OCDC"). Plaintiff has since been transferred to the ORU.

On November 25, 2014, Defendants filed a Motion for Summary Judgment. ECF No. 25.

That same day, the undersigned issued an Order directing Plaintiff to complete and return a Notice to the Court indicating whether Plaintiff requested assistance from the Court in responding to the Motion for Summary Judgment. ECF No. 28. Plaintiff did not return the Notice or other wise respond to Defendants' Motion for Summary Judgment or the Court's November 25, 2014 Order. The Order was not returned as undeliverable mail.

On March 18, 2015, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why he had failed to comply with the Court's November 25, 2014 Order by April 15, 2015. Plaintiff failed to respond. The Order to Show Cause has not been returned as undeliverable mail.

Plaintiff has not communicated with the Court since filing a response to a previous Order to Show Cause on October 21, 2013.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with

orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely."  *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3. **DISCUSSION**

Plaintiff has failed to comply with the Court's November 25, 2014 Order and March 18, 2015 Show Cause Order.  Further, Plaintiff has failed to prosecute this matter.  The Court presumes that Plaintiff has received all mailings sent to his current address of record as these mailings have not been returned as undeliverable.  Additionally, Plaintiff was advised in the Show Cause Order that failure to respond to the Show Cause Order would subject this matter to dismissal.  Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4. CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter.

**The Parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of April 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE